**SO ORDERED.**

**SIGNED this 26th day of July, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| GILBERT SALAS GONZALEZ & CARMELITA ZERTUCHE | 07-50838-C |
| *DEBTORS* | CHAPTER 13 |

## DECISION AND ORDER DENYING MOTION TO RECONSIDER ORDER GRANTING DEBTOR'S OBJECTION TO AMENDED PROOF OF CLAIM OF CITIMORTGAGE, INC.

CAME ON for consideration the foregoing matter. For the reasons stated, the motion is denied.

### BACKGROUND FACTS

The debtors filed this bankruptcy case on April 2, 2007. On April 4, 2007, CitiMortgage, Inc. filed a proof of claim for $14,883.90 with arrearage in the amount of $7,392.71. On April 30, 2007, the creditor filed an amended proof of claim, including certain additional charges. On May 29, 2007, the debtors filed an objection to this proof of claim, asserting that the claim included certain impermissible charges, including an advance for either tax or insurance in the amount of

$1,190.40, a charge for "unpaid corporate advances" in the amount of $3,396.56, and a charge for "unpaid expense advances" of $704.00. The objection asked the creditor for detailed explanation for these various charges. The objection contained negative notice language on the first page of the pleading, in accordance with Bankruptcy Local Rules 9014 and 3007, clearly advising the claimant that a response was due to be filed within 20 days, and that, if such response was timely filed, then a hearing on the objection would be set on not less than 30 days notice. *See* BANKR. W.D. TEX. R. 3007, 9014 (Westlaw, adopted Nov. 7, 2005), *available at* http://www.txwb.uscourts.gov/. If no response was timely filed, the notice advised that the court would enter an order granting the objection.

The creditor failed to respond to the objection to its claim. On June 26, 2007, well after the time had run for a response to be filed, the court entered an order sustaining the objection. On July 9, 2007, thirteen days after entry of the order sustaining the objection, the creditor filed this motion for reconsideration. The motion states that the court has jurisdiction to reconsider the order pursuant to Rule 3008 of the Federal Rules of Bankruptcy Procedure, and further adds that "the failure to address Movant's underlying claim could prevent the Debtor's rehabilitation should the plan be completed and the Debtor receive a discharge." As support for this legal assertion, the creditor cites to an Eleventh Circuit decision, *In re Bateman*, 331 F.3d 821 (11th Cir. 2003)[1]. No other reason is offered in the pleading for the creditor's failure to timely respond to the motion, nor does the pleading state why a motion to reconsider was not filed within 10 days of the entry of the order in question.

---

[1] Movant does not provide a pinpoint citation for *Bateman*, leaving the court to guess for precisely which proposition in *Bateman* he cites the case. *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION at 7 (Columbia Law Review Ass'n et al. eds., 18th ed. 2005) ("Pincites are critical: They provide the only means by which you can direct the reader to the exact page that contains the information or quotation on which you are relying for support.").

After the debtor filed the objection to CitiMortgage's claim, the debtor's plan was set for confirmation hearing on July 12, 2007. CitiMortgage did not object to confirmation, so no further hearing on confirmation was required, in accordance with this court's Standing Order on Chapter 13 Procedures for the San Antonio Division. AMENDED STANDING ORDER RELATING TO CHAPTER 13 PRACTICES IN THE SAN ANTONIO DIVISION, Order No. 05-04 at 5, (November 7, 2005) *available at* http://www.txwb.uscourts.gov/. On recommendation of the chapter 13 trustee, the confirmation order was signed on July 9, 2007.

## ANALYSIS

### Movant has failed to advance any cognizable grounds for reconsideration

CitiMortgage grounds its motion upon Rule 3008 of the bankruptcy rules, which states that a party in interest may move for reconsideration of an order disallowing a claim. FED. R. BANKR. P. 3008. Rule 3008 is rooted in section 502(j) of the Bankruptcy Code, which allows a court to reconsider the allowance or disallowance of claims "for cause." *See* 11 U.S.C. § 502(j). The 1983 Advisory Committee Note to the rule states that "reconsideration of a claim that has been previously allowed or disallowed after objection is discretionary with the court." FED. R. BANKR. P. 3008 Advisory Comm. Note (1983), *reprinted in* NORTON BANKR. L. & PRAC. 2D, BANKRUPTCY RULES (Thomson-West pamphl. ed. 2006-2007).

The Fifth Circuit has provided guidance to the bankruptcy courts on how to exercise the courts' discretion under Rule 3008. The analysis turns upon when the motion for reconsideration was filed. Rule 8002(a) provides a ten-day period for filing an appeal of the order appealed from. FED. R. BANKR. P. 8002(a). If the motion to reconsider is filed prior to the expiration of this ten-day period, the motion is properly treated as a Rule 9023 motion to alter or amend judgment. *Matter of*

*Aguilar*, 861 F.2d 873, 875 (5th Cir. 1988); *see also* FED. R. BANKR. P. 9023 (incorporating FED. R. CIV. P. 59). If, however, the motion to reconsider is filed *after* the expiration of the ten-day period, it must be treated as a Rule 9024 motion for relief from judgment or order. *Matter of Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987); *see also* FED. R. BANKR. P. 9024 (incorporating FED. R. CIV. P. 60). Because CitiMortage filed its motion for reconsideration more than ten days after the court entered its order of partial allowance and partial disallowance of its claims, the motion is properly analyzed under the standards of Rule 9024. *Colley*, *supra*.

Bankruptcy Rule 9024 incorporates Rule 60(b), which, in turn, states that a court may relieve a party from a final judgment, order or proceeding for *inter alia*, "mistake, inadvertence, surprise, or excusable neglect." FED R. BANKR. P. 9024; FED. R. CIV. P. 60(b)(1).[2] As with any other motion, a motion for relief from judgment under FED. R. BANKR. P. 9024 or FED. R. CIV. P. 60(b)(1) must set out specific grounds to explain the basis for the relief. *See* FED. R. BANKR. P. 9013 ("The motion shall state with particularity the grounds therefor . . . ."); FED. R. CIV. P. 7(b)(1) ("An application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor . . . ."). Recall as well that section 502(j) states that the adjudication of a claim "may be reconsidered *for cause*." 11 U.S.C. 502(j) (emphasis added). Clearly then, a movant seeking reconsideration must at least provide the court with some "cause" for reconsideration, and, if the motion is made after the expiration of the ten-day period, the cause must be cognizable under Rule

---

[2] This is the only ground which could conceivably support this motion, based on the procedural posture of the matter. The other grounds set out in Rule 60(b) could not be applicable. There was no evidentiary hearing, hence newly discovered evidence as a ground for relief is not relevant. There is nothing to indicate that the order was obtained through fraud or other misconduct on the part of the debtor. Nor can one divine any indication that the order in question is void. The order in question does not involve an award that could be "satisfied." Finally, although there is a "catch-all" provision in the rule, allowing relief for "any other reason," courts and commentators have been clear that this broad language is designed to achieve equity in special circumstances not otherwise addressed in the specific grounds set out in the rule. *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 11 FEDERAL PRACTICE AND PROCEDURE § 2857 at 259 (2d ed., 1995). No extraordinary equities appear to be presented here.

60(b). For example, a claim of mistake would require a short, plain statement of the event that gave rise to the mistake. This is not a difficult requirement, but it is a requirement. *See In re Rankin*, 141 B.R. 315, 319 (Bankr. W.D.Tex. 1992) ("[A] party seeking reconsideration of a bankruptcy court's order regarding a claim should explicitly or implicitly assert one of the grounds delineated in Rule 60(b)") (King, B.J.).

The motion before the court is entirely silent with regards to this creditor's reasons for not timely responding to the objection to claim; it asserts no grounds under Rule 60(b) at all. The court is not obligated to speculate regarding the reasons that might support the creditor's motion. *Miller v. Burrows Paper Corp.*, 2007 WL 1098541, *2 (S.D. Ohio 2007); *see* FED. R. BANKR. P. 9013 (placing the burden of advancing support for a motion upon the movant, not the court); *Cf. United States v. $12,248 U.S. Currency,* 957 F.2d 1513, 1518 (9th Cir. 1991) (refusing to speculate regarding government's reasons for delay bringing a forfeiture proceeding); *Colonial Penn Life Ins. Co. v. Assured Enterprises, Ltd.*, 151 F.R.D. 91, 94 (N.D. Ill. 1993) ("This court will not entertain speculative reasons [even when the speculation is supplied by the movant] to determine whether they fall within the parameter of Rule 60(b)(1)."). Nor is the court obligated to set the matter in order to find out what grounds the creditor might decide to place before the court, with no advance notice to the opposing party. BANKR. W.D. TEX. R. 9014(d) (allowing a court to rule, without further notice or hearing on, *inter alia*, motions for reconsideration under FED. R. BANKR. P. 9024); *Colley*, 814 F.2d at 1010. In fact, as stated by Judge (now Chief Judge) Edith Jones, "[T]he bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary, as the court may decline to reconsider *without a hearing* or notice to the parties involved." *Id.* (emphasis added).

The onus is on the moving party to advise the court (and the debtors) what prevented the

creditor from timely responding to the debtor's objection to the claim. Because this motion offers no explanation whatsoever, it is impossible to know on what mistake, inadvertence, or excusable neglect the movant might be relying to justify the relief from judgment it seeks from the court. As such it cannot properly be considered a motion cognizable under Rule 60(b)(1). About a similar failure to assert cause for reconsideration of claim adjudication, Judge Jones wrote:

> [Movant] did not explicitly or implicitly assert fraud, newly discovered evidence, mistake, inexcusable [sic] neglect, or any of the other matters pertinent to a Rule 60(b) motion. He did not even generally assert "cause" for reconsideration under § 502(j). As [Movant] did not even get his foot in the door for purposes of reconsideration, the district court was well within its discretion to deny that relief.

*Colley*, 814 F.2d at 1010-11. So it is here.

The court concludes that it is improper to reconsider this claim, given the entire failure of the creditor to state grounds for reconsideration cognizable under Rule 60(b). For this reason alone, the motion for reconsideration must be denied. Nonetheless, as the creditor has raised an at-law basis for reconsideration, it is appropriate to evaluate and rule in the alternative on the legal position asserted to determine whether reconsideration should be granted.

### *Bateman* is inapplicable to this case

As mentioned earlier, CitiMortgage claims that "the failure to address Movant's underlying claim could prevent the Debtor's rehabilitation should the plan be completed and the Debtor receive a discharge" and cites to *Bateman* for support, though without explaining how that decision supports that proposition. The Eleventh Circuit there ruled that the provisions of *a plan* could not be construed as an objection to a claim, and the creditor could therefore rely on its lien to satisfy its claim as filed, because its claim was deemed allowed, never having been the subject of a timely

objection.³ The creditor's lien accordingly secured its claim as filed, regardless what the plan said, concluded the court. *Bateman*, 331 F.3d at 828.

A number of courts have challenged the express holding of *Bateman*, including the Tenth Circuit, which observed that principles of *res judicata* mandated that the plan provision avoiding the creditor's lien controlled over the creditor's proof of claim. *In re Davis*, 188 Fed.Appx. 671, 676 (10th Cir. 2006); *see also In re Stiller*, 323 B.R. 199, 216 (Bankr. W.D. Mich. 2003) (concluding that an arrearage claim is not a "claim" in the usual sense, and so is not entitled to the same protections). We need not here resolve the express dispute presented in *Bateman* or its progeny, however, because the issue here is not whether the *plan* somehow altered this creditor's rights. The issue rather is whether the claims objection process *itself* was properly employed in this case to correct the amount of the creditor's claimed arrearage. The debtors here filed their objection to the claim *before* confirmation, not after (as in *Bateman*). Thus, even under the *Bateman* rule, the claims objection *was* timely.⁴ And the debtors' proposed plan treatment of this creditor tracked the objection they filed to the claim pre-confirmation. The debtors here *did* exactly what the Eleventh Circuit ruled the debtors *should* have done in *Bateman*. How that decision could possibly support the implied contention by CitiMortgage that *Bateman* somehow compels reconsideration of the order disallowing CitiMortgage's claim escapes this court entirely.

---

³ The court stated that claims objections must be filed prior to confirmation, though it acknowledged that neither the statute nor its enabling rules so state. *Bateman*, 331 F.3d at 827, *citing In re Justice Oaks II Ltd.*, 898 F.2d 1544, 1553 (11th Cir. 1990) *and In re Starling*, 251 B.R. 908, 909 (Bankr. S.D.Fla. 2000). The efficacy of that piece of *dictum* is cast in doubt by changes to the Code wrought by the 2005 amendments, which mandate early confirmation, to a time that precedes the deadline for filing proofs of claim. *See* 11 U.S.C. § 1324 (b) (confirmation to be held not later than 45 days after the first meeting of creditors); FED.R.BANKR.P. 3002(c) (deadline for filing proofs of claim is 90 days after the first meeting of creditors).

⁴ The court reiterates that the *Bateman* discussion regarding timeliness must be taken with a grain of salt, given the amendments to the Code that mandate confirmation prior to the claims bar date. *See* note 3 *supra*.

### The debtors' rehabilitation is not jeopardized, because the court's disposition of the claim is a final judgment on the merits

The contention that "the failure to address Movant's underlying claim could prevent the Debtor's rehabilitation," is specious in any event. The gist of CitiMortgage's argument apparently runs as follows.[5] The court has disallowed the claim, but it has not actually ruled on the validity of CitiMortgage's underlying state-law contract claim for all the amounts it claims it is owed. As a result of the claim disallowance, CitiMortgage will receive no distributions under the chapter 13 plan on account of the asserted arrearages for "Corporate Advances", "Insurance Advances" and "Expense Advances." Once the debtors complete their plan and receive their discharge, they will not be personally liable for these challenged, and disallowed, pre-petition arrearages. *See* 11 U.S.C. § 524. However, goes the apparent argument, CitiMortgage would still have the right to enforce what it claims to be owed *against the collateral,* undiminished post-discharge. CitiMortgage seems to suggest that it would be free to reassert its state law rights against the debtors' home, for the full amounts it claims to be owed, regardless of the disallowance of a portion of that claim in this bankruptcy case, and despite the debtors' successful completion of the plan, and seemingly relies on *Bateman* for that proposition. In suggesting that the court's disposition of the claims objection does not constitute "address[ing] CitiMortgage's underlying claim," CitiMortgage appears to be suggesting that the court's entry of an order partially disallowing the claim, without further hearing, is not actually a final judgment on the merits of the underlying contract claim. Thus, issue preclusion would not protect the debtors from a post-petition foreclosure action for all amounts claimed to be owed, and CitiMortgage would be free to assert whatever it has claimed against the collateral.

---

[5] The court is left to imagine the details of CitiMortgage's arguments because they are not articulated at all in the motion.

Of course, it is not for this court to attempt to decide future litigation regarding the preclusive effect of its decision; such an opinion would be beyond the subject matter jurisdiction of the court. *In re Thickstun Bros. Equipment Co., Inc.*, 344 B.R. 515, 519 (B.A.P. 6th Cir. 2006). Nonetheless, because this question on the preclusive effect of the court's order is at the heart of the creditor's objection, which suggests that "the failure to address CitiMortgage's claim could prevent the debtors' rehabilititation, it is appropriate to test CitiMortgage's assertion against the applicable law to determine whether the court's denial of reconsideration really would jeopardize the debtors' rehabilitation. In short, how real is this threat?[6] If the court's original disposition of the claims objection was in fact proper, and counts as a final adjudication of CitiMortgage's claim, then the threat is not real, and reconsideration would not be appropriate.

Bankruptcy judgments bar subsequent suits if (1) both cases involve the same parties, (2) the bankruptcy court had jurisdiction, (3) the decision was a final judgment on the merits, and (4) the cause of action is the same. *Matter of Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993). In the instant case, the only relevant questions are whether this court's order partially allowing the claim (1) is a final judgment on the merits and (2) represents the same cause of action as a later possible suit on the disputed assessment charges.

The orders of bankruptcy courts allowing uncontested claims are final judgments on the merits for *res judicata* purposes. *EDP Medical Computer Systems, Inc. v. United States*, 480 F.3d 621, 625 (2d Cir. 2007). In *EDP*, the bankruptcy court issued an order allowing a claim by the IRS to which neither the chapter 7 trustee or the debtor corporation objected. *Id*. at 623. The trustee paid the tax claim in full and closed the case. *Id.* at 624. About a year later, the debtor filed for a refund

---

[6] *Cf. In re Harbin*, 486 F.3d 510, 518 (9th Cir. 2007) (holding that it is clear error for a bankruptcy court to fail to consider the effect of a potential future judgment on the feasibility of a plan).

-9-

of the tax payment, claiming, *inter alia*, that the tax assessment was incorrect. *Id.* The district court granted summary judgment in favor of the government, stating that the debtor lacked standing to bring the refund claim, and alternatively, that the claim of an incorrect assessment was barred by *res judicata* arising from the claim allowance order. *Id.* The Second Circuit reviewed only the *res judicata* question, holding that the bankruptcy court order allowing the uncontested proof of claim was a final judgment for *res judicata* purposes. *Id.* at 625. The court concluded that the debtor's suit against the government was barred; it could not litigate the legitimacy of the underlying tax assessment. In words that have resonance in the instant case, the court wrote, "EDP had the opportunity to litigate the validity of the amended proof of claim. Faced with this apple, EDP kept its mouth closed; it cannot now take a bite." *Id.* at 627.

Closer to home, the Fifth Circuit has held that a bankruptcy court's claim allowance order had *res judicata* effect upon subsequent litigation. *Matter of Baudoin*, 981 F.2d 736 (5th Cir. 1993). In *Baudoin*, the Fifth Circuit held that the an order allowing a claim was a "final judgment." *Id.* at 742. Regarding the "same claim" issue, the court wrote, "The issue is . . . whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *Id.* at 743. Finding that the lender liability claim could have been litigated with the bank's proof of claim, the court held that the bankruptcy court's claim allowance addressed the same common nucleus of operative facts. *Id.* The court found that the debtor's lender liability claim was barred by *res judicata*. *Id.* at 744.

The claim allowance process is generally triggered by a creditor's filing of a proof of claim in the bankruptcy case. *See* 11 U.S.C. § 501. Unless a party in interest files an objection, the claim is "deemed allowed." *Id.* § 502(a). *Baudoin* and *EDP* make it clear that when a bankruptcy court

enters an order on claim allowance, that order is a final judgment on the merits for *res judicata* purposes, even when the order sustaining the objection is entered without a hearing, where the creditor has had notice and an opportunity for hearing. So long as the *opportunity* for a hearing was afforded, the claim has been finally adjudicated.

Here, the debtors filed an objection to claim containing "negative notice" language. The local rules allow a movant to include "Negative Notice Language" in a pleading related to a contested matter. BANKR. W.D. TEX. R. 9014(a). Negative notice language warns other parties-in-interest that the court may grant relief to the movant without conducting a hearing, unless a party-in-interest requests one. *Id.* The Eighth Circuit has expressly stated that "negative notice" procedures for claims adjudication are authorized by the Bankruptcy Code. *In re Pierce*, 435 F.3d 891, 892 (8th Cir. 2006). In *Pierce* (as in the instant case), the creditor filed a proof of claim, the debtor objected with "negative notice" language, the creditor failed to respond with a request for hearing, and the bankruptcy court partially disallowed the claim without conducting an evidentiary hearing. *Id.* The Eighth Circuit found no error in the bankruptcy court's actions. *Id.*

Having been afforded a fair opportunity to present its response and to request an evidentiary hearing, CitiMortgage can hardly complain that it did not get its day in court; it simply chose not to ask for one. That it was free to do, but not without consequences. As in *EDP*, CitiMortgage had an opportunity to litigate the validity of the disputed assessment charges. Faced with that apple, it kept its mouth closed; it cannot now take a bite. *See EDP*, 480 F.3d at 627. As in *Baudoin*, the "nucleus of operative facts" here forming the basis of the claim allowance dispute are precisely the same as those forming the basis of a future suit to recover the assessments from the debtors under state law. As stated in *Baudoin*, "It is difficult to imagine a more common nucleus of operative fact."

*Baudoin*, 981 F.2d at 743. Upon reviewing the applicable law, it appears to this court that a future claim by CitiMortgage that its loan agreement entitles it to the disputed assessment payments would be barred by *res judicata*. Accordingly, the court does not see how its order of partial allowance of CitiMortgage's claim could in any way jeopardize the rehabilitation of the debtors.

CitiMortgage's contention that the court has failed to address CitiMortgage's underlying claim is also completely without merit. The court in fact *has* addressed CitiMortgage's underlying claim, by sustaining the objection after CitiMortgage was afforded more than adequate notice and more than adequate opportunity for a hearing. As the Second, Fifth and Eighth Circuits all agree, the court's order in this case counts as a disposition on the *merits* of CitiMortgage's underlying claim. *See EDP*, 480 F.3d at 627; *Pierce*, 435 F.3d at 892; *Baudoin*, 981 F.2d at 743. CitiMortgage's belief, implicit in its argument, that it is free to stand on the sidelines, and to insist on an evidentiary hearing at its own convenience as a matter of right, has no support in the law.

What's more, the debtors here were not, by their objection, seeking to "game" the system or manipulate the bankruptcy process to achieve a windfall, as the court intimated might have been the case in *Bateman*. *See Bateman*, 331 F.3d, at 832. They merely sought to assure that the *amount* of the claim asserted by the creditor was in fact justified – and did so prior to confirmation. Nothing in *Bateman* suggests that a secured creditor with a lien on the debtors' home is entitled to simply claim whatever it wishes, with no obligation to support the claim.[7] No creditor, in or out of bankruptcy, is allowed to simply manufacture claims and expect the law to honor them on the creditor's own insistence. *See In re Kirkland*, 361 B.R. 199, 202 (Bankr. D. N.M. 2007) ("In the face

---

[7] To the contrary, the Eleventh Circuit presumed the legitimacy of a debtor's testing the accuracy of the creditor's claim, provided it was done in the straightforward manner outlined in the Bankruptcy Rules, and prior to confirmation. *See Bateman*, 331 F.3d, at 826.

of an objection . . . the burden remains on the claimant to establish its claim."); *see also* 11 U.S.C. § 502 (allowing a party in interest to object to claims). Here, the creditor appended a number of questionable charges to its claim. The debtors were within their rights to insist that the creditor justify those claims. Further, when the debtors filed their "negative notice" objection, the burden of proof shifted to CitiMortgage to request a hearing to introduce evidence of the validity of its claim. *See Pierce*, 435 F.3d at 892 (upon negative notice objection to claim, burden shifts to claimant). Silence in the face of an evidentiary burden can lead only to an adverse judgment.

CitiMortgage's claim has been duly adjudicated, and allowed as adjusted by the order that disallowed a portion of its claim, after notice and opportunity for hearing. The court's partial disallowance of its claim necessarily involved a determination regarding the legitimacy of CitiMortgage's underlying contract claim. As CitiMortgage failed to meet its burden of producing evidence on this issue, when it had the opportunity to do so, its claim was partially disallowed. Its lien, to be sure, still secures its claim as adjusted by this court's order on the debtors' objection to claim, but CitiMortgage may no longer claim that it is still owed the disallowed charges in this or any other forum, nor is it free to enforce those disallowed charges against the debtors' home. Nothing in *Bateman*, or anything else, is to the contrary.

## CONCLUSION

The motion to reconsider is denied, for the reasons stated.

# # #